LEIGH GODDARD (NV Bar No. 6315)
LAURA JACOBSEN (NV Bar No. 13699)
McDONALD CARANO LLP
100 W. Liberty Street, 10th Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
lgoddard@mcdonaldcarano.com
ljacobsen@mcdonaldcarano.com

EDWIN K. PRATHER (CA Bar No. 190536)
SYBIL L. RENICK (CA Bar No. 213149)
(*Pro Hac Vice applications forthcoming*)
PRATHER LAW OFFICES
245 Fifth Street, Suite 103
San Francisco, California 94103
Telephone:    415-881-7774
Edwin@pratherlawoffices.com
Sybil@pratherlawoffices.com

*Attorneys for Defendant Liang Yu*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZITAN TECHNOLOGIES, LLC, a Nevada limited liability company; and GINKGO LLC, a Nevada limited liability company,<br><br>     Plaintiffs,<br><br>v.<br><br>LIANG YU, an individual,<br><br>     Defendant. | Case No. 3:18-cv-00395-RCJ-WGC<br><br>**LIANG YU'S ANSWER TO COMPLAINT** |

Defendant Liang Yu ("Mr. Yu" or "Defendant"), by and through his undersigned counsel, hereby answers and responds to the Complaint (ECF No. 1) ("Complaint") of Plaintiffs Zitan Technologies, LLC ("Zitan") and Ginkgo LLC ("Ginkgo") (together, "Plaintiffs") as follows:

**NATURE OF ACTION**

1.     Defendant admits that on March 23, 2018, before he had any intent of resigning from employment with Zitan, and in order to prepare for his annual performance review and to

1

1  perform his job duties, he downloaded sixty-six files from Zitan's Dropbox account to his personal computer, and to no other personal devices or accounts, due to technical difficulties downloading the necessary files to his work laptop. Defendant admits that, prior to March 23, 2018, he downloaded files from Zitan's Dropbox account to his work laptop for purposes of performing his job duties. Defendant admits that he resigned from employment with Zitan in April 2018. The remaining allegations of Paragraph 1 are denied.

2. Defendant admits that after his employment with Zitan ended, Zitan sent him a letter demanding that Defendant turn over his personal computer and other electronic devices to a forensic examiner for review and analysis. Defendant admits that he understood the letter to restrict him from retaining any documents containing Zitan's confidential information and, even though he had deleted the files on March 23, 2018 shortly after downloading them, he therefore destroyed the hard drive of his personal computer in order to ensure that he was no longer in the possession of any Zitan documents and consistent with the Zitan Confidentiality Policy (the "Confidentiality Policy"). Defendant admits that he turned over his personal laptop, iphone, personal email accounts, and personal Dropbox accounts to a neutral forensic examiner for imaging and preservation. Defendant admits that he eventually refused to turn over his personal computer and other electronic devices to Zitan for review and analysis after months of negotiation with Zitan when it became clear that Zitan would not provide proposed search terms or agree to a protocol designed to protect his privacy interest in personal and non-relevant information contained on his personal devices, though he remains willing to turn over the forensic imaging of his devices and accounts to a neutral forensic examiner subjection to reasonable search protocols. The remaining allegations of Paragraph 2 are denied.

3. Defendant admits that Plaintiffs bring this action against him, including the causes of action alleged in the Complaint, seeking the relief set forth in the Complaint. The remaining allegations of paragraph 3 are denied.

4. Defendant admits that he is a former employee of Zitan. The remaining allegations of paragraph 4 are denied.

///

# PARTIES

5.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint and therefore denies the same.

6.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7.  Defendant admits the allegations of paragraph 7 of the Complaint, though it was inappropriate for Plaintiffs to include his home address in violation of Local Rule IC 6-1(5).

# JURISDICTION AND VENUE

8.  The allegations of paragraph 8 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant admits the same.

9.  The allegations of paragraph 9 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

10. Defendant denies the he worked and resided in Nevada during the relevant time period and that the acts alleged in the Complaint occurred in Nevada. Defendant specifically denies that his acts alleged in the Complaint were wrongful. The remaining allegations of paragraph 10 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

11. Defendant denies that the alleged events giving rise to Plaintiffs' claims occurred in the District of Nevada. The remaining allegations of paragraph 11 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

12. As to the allegations in paragraph 12 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

# FACTUAL BACKGROUND

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant admits that he began working for Zitan in or around May 4, 2015 as a Quantitative Researcher reporting directly to Dr. Changchun Shi. As to the remaining allegations in paragraph 17 of the Complaint regarding the language of the Letter dated April 27, 2015 (the "Offer Letter"), the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph except as expressly admitted or that are unsupported by or inconsistent with that document or consist of legal conclusions.

18. Defendant admits the allegations in paragraph 18 of the complaint.

19. As to the allegations in paragraph 19 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

20. As to the allegations in paragraph 20 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

21. As to the allegations in paragraph 21 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 of the Complaint and therefore denies the same.

///

22. As to the allegations in paragraph 22 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

23. As to the allegations in paragraph 23 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

24. As to the allegations in paragraph 24 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

25. As to the allegations in paragraph 25 of the Complaint regarding the language of the Ginkgo's Source Code and Trading Data Policy (the "Ginkgo Data Policy"), the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions. Defendant lacks knowledge or information sufficient to form a belief regarding the date Ginkgo allegedly adopted the Ginkgo Data Policy and therefore denies the same. As to the allegations in paragraph 25 of the Complaint regarding the language of the alleged acknowledgment of Ginkgo's Source Code and Trading Data Policy (the "Acknowledgement"), the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions. Except as expressly admitted herein, all remaining allegations of paragraph 25 are denied.

26. As to the allegations in paragraph 26 of the Complaint regarding the language of the Ginkgo Data Policy, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

1          a.    As to the allegations in paragraph 26.a of the Complaint regarding the language of the Ginkgo Data Policy, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

        b.    As to the allegations in paragraph 26.b of the Complaint regarding the language of the Ginkgo Data Policy, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

        c.    As to the allegations in paragraph 26.c of the Complaint regarding the language of the Ginkgo Data Policy, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

        d.    As to the allegations in paragraph 26.d of the Complaint regarding the language of the Ginkgo Data Policy, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

27.    Defendant admits that he signed the Zitan Communication and Information Systems Policy (the "Communication Policy") on September 19, 2016. The remaining allegations of paragraph 27 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

28.    As to the allegations in paragraph 28 of the Complaint regarding the language of the Communication Policy, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

29. Defendant admits that he resigned his employment with Zitan on April 9, 2018 and signed a termination letter (the "Termination Letter"). As to the remaining allegations in paragraph 29 of the Complaint regarding the language of the Termination Letter, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

30. Defendant admits that, consistent with the terms of the Confidentiality Agreement, he sought Zitan's written confirmation of Zitan's position regarding the geographic scope of non-compete provisions set forth in the Confidentiality Agreement. Defendant admits that while he was still employed with Zitan he downloaded Zitan documents from its Dropbox account and deleted other information from Zitan's cloud-based accounts consistent with and in order to perform his job duties. The remaining allegations of paragraph 30 are denied.

31. Defendant admits that he received a letter from Zitan's counsel dated May 3, 2018 (the "Demand Letter"). As to the remaining allegations in paragraph 31 of the Complaint regarding the language of the Demand Letter, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

32. Defendant admits that he downloaded Zitan documents to his personal computer on Friday May 23, 2018 in order to perform his job duties when he was working from home, including preparation for a follow-up annual performance review meeting scheduled for the following Tuesday, March 27, 2018. Defendant denies that he ever downloaded any Zitan documents improperly or for any other purpose other than the performance of his job duties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32 of the Complaint and therefore denies the same.

33. Defendant admits that he downloaded Zitan documents to his personal computer on Friday May 23, 2018 in order to perform his job duties when he was working from home, including preparation for a follow-up annual performance review meeting scheduled for the following Tuesday, March 27, 2018. Defendant admits that on March 23, 2018 he also deleted

1  duplicative documents from Zitan's cloud-based Evernotes account consistent with his job duties and not for any improper purpose.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the Complaint and therefore denies the same.

34.   Defendant admits that during the course of his employment with Zitan he deleted duplicative documents consistent with his job duties and not for any improper purposes.  The remaining allegations of paragraph 34 are denied.

35.   Defendant admits that counsel for the parties communicated regarding the terms of Yu's agreement to turn over his personal devices to a neutral third-party IT vendor for forensic imaging and analysis.  The remaining allegations of paragraph 35 are denied.

36.   Defendant denies that he committed wrongdoing or that he tried to cover up any wrongdoing.  As to the allegations in paragraph 36 of the Complaint regarding the language of the May 23, 2018 letter, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

37.   Defendant denies that he intentionally destroyed evidence.  Defendant admits that counsel for the parties continued to discuss a potential protocol for the forensic examination of Defendant's personal devices and accounts and that Defendant changed counsel.  As to the allegations in paragraph 37 of the Complaint regarding the language of the July 16, 2018 letter, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

38.   As an answer to paragraph 38 of the Complaint, Defendant incorporates by reference the preceding responses as if set forth herein at length and in full.

39.   The allegations of paragraph 39 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

40.   The allegations of paragraph 40 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

41. The allegations of paragraph 41 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

42. The allegations of paragraph 42 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

43. The allegations of paragraph 43 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

44. The allegations of paragraph 44 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

45. The allegations of paragraph 45 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

46. The allegations of paragraph 46 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

47. Defendant admits that he destroyed the hard drive of his personal laptop in order to ensure that he was no longer in the possession of any Zitan documents and consistent with the Confidentiality Policy.  The remaining allegations in paragraph 47 are denied.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. As an answer to paragraph 49 of the Complaint, Defendant incorporates by reference the preceding responses as if set forth herein at length and in full.

50. The allegations of paragraph 46 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. As an answer to paragraph 55 of the Complaint, Defendant incorporates by reference the preceding responses as if set forth herein at length and in full.

///

///

56. Defendant admits that he was given access to some of Zitan's confidential and proprietary information so that he could perform his job duties. The remaining allegations of paragraph 56 are denied.

57. Defendant admits that he was given access to some, but not all, of Zitan's business, technical, engineering and design information, trading, investment and business plans and strategies, forecasts, trading accounts, performance data, PnL reports, computer programs and condes, valuation and trading models, trading technologies, and computer and network hardware and configurations in order to perform his job duties. The remaining allegations of paragraph 57 are denied.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Complaint and therefore denies the same.

59. The allegations of paragraph 59 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint and therefore denies the same.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant admits that he destroyed the hard drive of his personal laptop in order to ensure that he was no longer in the possession of any Zitan documents and consistent with the Confidentiality Policy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' beliefs and therefore denies the same. The remaining allegations in paragraph 63 are denied.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. As an answer to paragraph 67 of the Complaint, Defendant incorporates by reference the preceding responses as if set forth herein at length and in full.

///

68. Defendant admits that, in connection with the performance of his duties for and on behalf of Zitan, he became acquainted with some of Zitan's confidential information. The remaining allegations in paragraph 68 are denied.

69. Defendant admits that he knew that Zitan disclosed some of its confidential information to him pursuant to a duty of confidentiality and that he used Zitan's confidential information consistent with that duty. The remaining allegations in paragraph 69 of the Complaint regarding the language of the Confidentiality Agreement, the Data Policy, and the Communication Policy, and other policies, the documents speak for themselves and are the best evidence of their terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. As an answer to paragraph 77 of the Complaint, Defendant incorporates by reference the preceding responses as if set forth herein at length and in full.

78. The allegations of paragraph 78 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

79. The allegations of paragraph 79 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

80. The allegations of paragraph 80 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

81. Defendant admits that, during the course of his employment with Zitan and in order to perform his duties on Zitan's behalf, Zitan granted Defendant access to some, but not all, of Zitan's information, including some of Zitan's business, technical, engineering and design

1  information, trading, investment and business plans and strategies, forecasts, trading accounts,
2  performance data, PnL reports, computer programs and codes, valuation and trading models,
3  trading technologies, and computer and network hardware and configurations.  Defendant lacks
4  knowledge or information sufficient to form a belief about the truth of the allegations regarding
5  the economic value of the information and Plaintiffs' efforts to maintain its secrecy and therefore
6  denies the same.  The remaining allegations of paragraph 81 of the Complaint set forth legal
7  conclusions for which no response is necessary, but should any response be required, Defendant
8  denies the same.  Except as expressly admitted herein, the remaining allegations of paragraph 81
9  are denied.

10  82. The allegations of paragraph 82 of the Complaint set forth legal conclusions for
11  which no response is necessary, but should any response be required, Defendant denies the same.

12  83. The allegations of paragraph 83 of the Complaint set forth legal conclusions for
13  which no response is necessary, but should any response be required, Defendant denies the same.

14  84. Defendant denies the allegations in paragraph 84 of the Complaint.

15  85. Defendant denies the allegations in paragraph 85 of the Complaint.

16  86. Defendant denies the allegations in paragraph 86 of the Complaint.

17  87. As an answer to paragraph 87 of the Complaint, Defendant incorporates by
18  reference the preceding responses as if set forth herein at length and in full.

19  88. Defendant denies the allegations in paragraph 88 of the Complaint.

20  89. The allegations of paragraph 89 of the Complaint set forth legal conclusions for
21  which no response is necessary, but should any response be required, Defendant denies the same.

22  90. The allegations of paragraph 90 of the Complaint set forth legal conclusions for
23  which no response is necessary, but should any response be required, Defendant denies the same.

24  91. Defendant denies the allegations in paragraph 91 of the Complaint.

25  92. Defendant denies the allegations in paragraph 92 of the Complaint.

26  93. Defendant denies that he was not authorized to access Plaintiffs' computer or data
27  storage accounts.  Defendant lacks knowledge or information sufficient to form a belief about the
28  truth of the remaining allegations in paragraph 93 and therefore denies the same.

1  94. Defendant denies the allegations in paragraph 94 of the Complaint.

2  95. Defendant denies the allegations in paragraph 95 of the Complaint.

3  96. As an answer to paragraph 96 of the Complaint, Defendant incorporates by reference the preceding responses as if set forth herein at length and in full.

5  97. As to the allegations in paragraph 97 of the Complaint regarding the language of the Confidentiality Agreement, the document speaks for itself and is the best evidence of its terms, and Defendant denies all other allegations of this paragraph that are unsupported by or inconsistent with that document or consist of legal conclusions.

9  98. The allegations of paragraph 98 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

11  99. The allegations of paragraph 99 of the Complaint set forth legal conclusions for which no response is necessary, but should any response be required, Defendant denies the same.

Defendant denies any and all allegations and portions of the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the Complaint and the causes of action and claims for relief alleged therein.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the person of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, under the doctrines of estoppel, waiver, laches, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, under the doctrines of modification, ratification, consent, acquiescence, and/or waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith in all of his dealings with Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant appropriately, completely, and fully performed and discharged all of his obligations and legal duties arising out of the matters alleged in the Complaint, and any recovery by Plaintiff would be unjust and inequitable under these circumstances. Therefore, Plaintiffs' claims are barred by the doctrine of preponderance of the equities.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, by Plaintiffs' breach of contract and the duty of good faith and fair dealing.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, by the doctrines of accord and satisfaction and/or substantial compliance.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, because the alleged contracts fail, in whole or in part, as illegal, as void as against public policy, and/or for lack of consideration.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, because the alleged contracts fail, in whole or in part, because Plaintiffs have not suffered any damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, because Plaintiffs have filed this action in an improper venue.

///

///

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, due to insufficient services of process.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, because they are subject to

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the causes of action alleged therein are barred, in whole or in part, by other affirmative defenses enumerated in FRCP 8(c).  However, because this case is in its infancy and discovery has not yet commenced, Defendant has not had an opportunity to discover all facts that may give rise to such affirmative defenses.  Defendant therefore reserves it right to amend this list of Affirmative Defenses to add new defenses should discovery or investigation reveal facts giving rise to such defenses.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing by reason of their Complaint and that the same be dismissed with prejudice;
2. That judgment be entered in favor of Defendant;
3. That Defendant be awarded his costs, disbursements, and attorneys' fees; and
4. For such other relief as this Court may deem just and proper.

Dated:  September 17, 2018.          McDONALD CARANO LLP

By: */s/ Leigh Goddard*
LEIGH GODDARD
LAURA JACOBSEN

PRATHER LAW OFFICES

By: */s/ Sybil L. Renick*
EDWIN K. PRATHER
SYBIL L. RENICK

*Attorneys for Defendant Liang Yu*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of McDonald Carano LLP, and that on the 17th day of September, 2018, a true and correct copy of the foregoing LIYANG YU'S ANSWER TO COMPLAINT was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

      /s/ *Pamela Miller*
    An employee of McDonald Carano LLP

4845-1880-9970, v. 4