BRIAN W. BOSCHEE, ESQ. (NBN 07612)
Email: bboschee@nevadafirm.com
JAMES D. BOYLE, ESQ. (NBN 08384)
Email: jboyle@nevadafirm.com
JOANNA M. MYERS, ESQ. (NBN 12048)
Email: jmyers@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     702/791-0308
Facsimile:      702/791-1912

HARRY W. LIPMAN, ESQ. (*PHV pending*)
hlipman@rlrpclaw.com
RICHARD E. ROSBERGER, ESQ. (*PHV pending*)
Email: rrosberger@rlrpclaw.com
ROTTENBERG LIPMAN RICH, P.C.
230 Park Avenue, 18th Floor
New York, New York 10169
Telephone:     212/661-3080
Facsimile:      212/867-1914

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZITAN TECHNOLOGIES, LLC, a Nevada limited liability company; and GINKGO LLC, a Nevada limited liability company, | CASE NO.:    3:18-cv-00395-RCJ-WGC |
| Plaintiffs, | **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | **(SPECIAL SCHEDULING REVIEW REQUESTED)** |
| LIANG YU, an individual, | |
| Defendant. | |

Pursuant to LR IA 6-2, LR II 7-1, and LR II 26-1, Plaintiffs Zitan Technologies, LLC ("Zitan") and Ginkgo, LLC ("Ginkgo") (and collectively, "Plaintiffs"), and Defendant Liang Yu ("Yu" or "Defendant"), by and through their respective undersigned counsel of record, hereby submit this Proposed Discovery Plan and Scheduling Order.

## A.   **Procedural Posture:**

Plaintiffs' Complaint was filed on August 17, 2018 (ECF No. 1). Plaintiffs filed Motions for Temporary Restraining Order and Preliminary Injunction on August 24, 2018 (ECF Nos. 14, 15). Defendant made his first appearance the case by filing Oppositions to Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction on September 10, 2018 (ECF Nos. 23, 26). Defendant submitted his Answer to Plaintiffs' Complaint on September 17, 2018 (ECF No. 30). The Court denied Plaintiffs' Motion for Temporary Restraining Order on October 17, 2018 (ECF No. 35). Oral argument on Plaintiffs' Motion for Preliminary Injunction (ECF No. 15) is set for November 13, 2018.

Plaintiffs demanded arbitration and the parties participated in a preliminary hearing before the arbitrator on October 15, 2018 in American Arbitration Association Case No. 01-18-003-1564. That same day, the arbitrator issued the arbitration scheduling order, which sets the arbitration trial to begin on February 18, 2019, and sets all interim discovery and pre-trial deadlines in the matter accordingly. The arbitration pleadings were settled as of October 25, 2018, and the parties propounded their written discovery request on October 29, 2018.

## B.   **Conference:**

On October 23, 2018, counsel for the parties participated in a telephonic conference pursuant to Fed. R. Civ. P. 26(f) and LR II 26-1(a). Present were: James D. Boyle and Joanna M. Myers of Holley Driggs Walch Fine Wray Puzey & Thompson on behalf of Plaintiffs; and Leigh Goddard and Laura Jacobsen of McDonald Carano LLP on behalf of Defendant.

During this conference, counsel for the parties discussed the preparation of this [Proposed] Discovery Plan and Scheduling Order, but did not come to an agreement on the submission of same. Defendant rejected the need to submit a Discovery Plan and Scheduling Order in this matter on the ground that discovery should proceed exclusively in the arbitral forum. Defendant discussed with Plaintiffs that it will be filing a motion to stay in the immediate future should Plaintiffs insist on conducting discovery in this forum. No stay has been entered in this action. The parties submit this [Proposed] Discovery Plan and Scheduling Order in accordance with LR II 26-1(a).

///

### 1.   Plaintiffs' View:

In support of the submission of this [Proposed] Discovery Plan and Scheduling Order, Plaintiffs state that discovery in this action is relevant to, without limitation, Plaintiffs' request for injunctive relief. While it is true that a separate arbitration action is pending before the American Arbitration Association pursuant to the terms of one contract that is at issue, it is not true that the arbitration forum is singularly or exclusively the forum in which discovery may be sought. Specifically, the arbitration clause at issue states, in relevant part:

> Except as otherwise provided in this [Section], any controversy or claim between [Defendant] and the Company arising out of or relating to [Defendant's] employment or termination of employment or any other dispute between the parties, whether arising in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, will be settled and determined by a single arbitrator whose award will be accepted as final and binding upon the parties. The arbitration will be conducted in Washoe County, Nevada and in accordance with the American Arbitration Association ("AAA") Employment Arbitration Rules in effect at the time such arbitration is properly initiated, except in the event of any conflict with applicable law or the terms of this [Section], in which case applicable law will take precedence under all circumstances and the terms of this Agreement will take precedence over the AAA rules. [...] In any situation in which emergency injunctive relief (including, without limitation, a temporary restraining order or preliminary injunction0 may be necessary, either party may seek and in appropriate circumstances obtain such relief from a court of competent jurisdiction until such time as the arbitrator is able to address the matter covered by this [Section].

Plaintiffs have sought emergency injunctive relief before this Court, and a hearing on same is scheduled for November 13, 2018. Plaintiffs are certainly entitled to pursue discovery with regard to their sought-after injunctive relief. Furthermore, no stay is in place. Thus, there is no basis on which the parties are relieved of their obligation to submit a Discovery Plan and Scheduling Order in accordance with LR II 26-1(a).

Plaintiffs are allowed to engage in discovery in this action, and Plaintiffs have in fact propounded written discovery for the very purpose of pursuing the sought-after injunctive relief. Plaintiffs' position is that Defendant's unwillingness to consider his discovery obligations in this action, coupled with Defendant's refusal to present this Court with the very electronic storage devices and personal computers which are at the core of Plaintiffs' claims for relief, obfuscates Plaintiffs' ability to pursue injunctive relief.

### 2.   Defendant's View:

Plaintiffs invoked their right to arbitrate all but their request for "emergency injunctive relief" pursuant to the applicable arbitration clause quote above. *See* Compl. (ECF No. 1) ¶ 97 ("Pursuant to the Zitan Confidentiality Agreement, the parties agreed that aspects of **any dispute other than for emergency injunctive relief**, including a request for monetary damages, must be arbitrated under the rules of the American Arbitration Association.") (emphasis added). Accordingly, this action is limited to Plaintiffs' request for emergency injunctive relief and will be resolved by the Court's order on Plaintiffs' pending and fully-briefed Motion for Preliminary Injunction. Defendants contend that discovery is not necessary or appropriate to resolve Plaintiffs' request for emergency injunctive relief and is therefore not necessary or appropriate in this action that is limited to emergency injunctive relief.

For this reason, and as discussed during the parties' October 23, 2018 Rule 26(f) conference, Defendant's position is that discovery should be conducted in the arbitration and that Defendant should not be required to also participate in discovery in this forum. "Discovery is expensive." *Okada v. Nev. Prop. 1, LLC*, No. 2:14-CV-01601-LDG, 2014 WL 6634446, at *2 (D. Nev. Nov. 21, 2014); *Kidneigh v. Tournament One Corp.*, No. 2;12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). Mr. Yu does not object to participating in discovery – he objects to participating in discovery in two different forums at the same time regarding claims that have been referred to arbitration. Forcing Defendant Mr. Yu, an individual, to conduct dual-track discovery in this forum and in the arbitral forum is unnecessarily burdensome and oppressive.

Moreover, discovery is not necessary or appropriate to litigate Plaintiffs' claim for "emergency injunctive relief." Plaintiffs' Motion for Temporary Restraining Order was denied and therefore does not require discovery. Plaintiffs' Motion for Preliminary Injunction is fully briefed and has been set for oral argument—not an evidentiary hearing—on November 13, 2018. The parties will therefore make legal arguments on November 13 based upon the papers and pleadings already on file, and the Court will decide whether or not Plaintiffs are entitled to emergency injunctive relief. Now, during the exchange of drafts of this proposed discovery plan, Plaintiffs propounded discovery in this action on October 30, 2018 even though they also propounded written discovery in the arbitration

action on October 29, 2018. However, the responses in this case are not due until November 29, well after the November 13 hearing where this Court will decide whether a preliminary injunction should issue. Thus, Plaintiffs' claim that discovery is necessary to litigate their claim for emergency injunctive relief is belied by their failure to request early discovery, the fact oral argument will occur before any discovery responses are due, and by Plaintiffs' participation in discovery in the related arbitration.

Indeed, because all but Plaintiffs' request for emergency relief has been referred to arbitration, discovery has already begun in the related arbitration pursuant to the AAA Employment Arbitration Rules. The arbitrator has issued a scheduling order, which required the parties to propound their written discovery requests on October 29, 2018 and sets other pertinent deadlines, including expert disclosure deadlines and a discovery cut-off. Because Plaintiffs have refused to limit or stay discovery in this action, Defendant is forced to and will file a motion to stay.

**C.** **Initial Disclosures:**

**1.** **Plaintiffs' View:** Initial disclosures shall be served on or before November 6, 2018, which is fourteen (14) days following the parties' Rule 26) conference, pursuant to Fed. R. Civ. P. 26(a)(1)(C).

**2.** **Defendant's View:** Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), Defendant stated its objection to conducting discovery in this forum during the parties' Rule 26(f) conference. Plaintiffs refused to stipulate to foregoing initial disclosures or delaying them in this case pursuant to this Rule. Defendant re-states its objection here and initial disclosures are therefore not required unless and until the Court orders them and sets the time for disclosure.

Defendant notes that this case is readily analogized to other cases that are automatically exempt from initial disclosures, such as actions to enforce arbitration awards and actions that are ancillary to a proceeding in another court. Fed. R. Civ. P. 26(a)(1)(B)(viii), (ix). Defendant respectfully requests that the Court exempt the parties from initial disclosures in this action, or at least delay ruling on the issue until after the Court rules on Plaintiffs' Motion for Preliminary Injunction.

**D.      Discovery Plan:**

**1.   Discovery Cut-Off Date:**

**Plaintiffs' View:** Discovery shall close on <u>March 11, 2019</u>, which is 182 days after September 10, 2018, the date that the Defendant first appeared in this matter (the 180th day falling on the previous Saturday), pursuant to LR II 26-1(b)1.

**Defendant's View:** Discovery should not take place in this forum because it is not necessary or appropriate to resolve Plaintiffs' request for emergency injunctive relief. Plaintiffs' Motion for Preliminary Injunction is fully briefed and set for oral argument on November 13, 2018. Rather, discovery should continue to take place in the arbitral forum according to the arbitrator's discovery order, which includes a discovery cut-off date.

**2.   Amending the Pleadings and Adding Parties:**

**Plaintiffs' View:** All motions to amend the pleadings or to add parties shall be filed by <u>December 11, 2018</u>, which is 90 days prior to the close of discovery, pursuant to LR II 26-1(b)(2).

**Defendant's View**: Plaintiffs sought emergency injunctive relief in this action and all other matters have been referred to arbitration. But for any motion to confirm an arbitration award, which will not require any amendments to the pleadings (*see* Compl. ¶¶ 96-99), this action will be resolved following the Court's ruling on Plaintiffs' Motion for Preliminary Injunction. Amendment to the pleadings, if any, should take place in the arbitral forum.

**3.   Fed. R. Civ. P. 26(a)(2) Disclosures:**

**Plaintiffs' View:** Initial disclosures concerning experts shall be made no later than <u>January 10, 2019</u>, which is 60 days prior to the close of discovery, pursuant to LR II 26-1(b)(3). Rebuttal expert disclosures shall be made no later than <u>February 11, 2019</u>, which is 32 days after the initial disclosure of experts (the 30th day falling on the previous Saturday), pursuant to LR II 26-1(b)(3).

**Defendant's View:** Expert discovery should not take place in this forum because it is not necessary or appropriate to resolve Plaintiffs' Motion for Preliminary Injunction, which is fully briefed and set for oral argument on November 13, 2018. Rather, discovery should continue to take place in the arbitral forum according to the arbitrator's scheduling order, which already sets a deadline for the parties to serve initial and rebuttal expert reports.

**4. Dispositive Motions:**

**Plaintiffs' View:** The deadline for filing dispositive motions shall be <u>April 10, 2019</u>, which is 30 days after the close of discovery, pursuant to LR II 26-1(b)(4). In the event that the discovery cut-off deadline is extended, the deadline for filing dispositive motions will be automatically extended until 30 days after the new discovery cut-off date.

**Defendants' View:** The only dispositive motions in this action for emergency injunctive relief have already been fully briefed: Plaintiffs' Motion for Temporary Restraining Order and Plaintiffs' Motion for Preliminary Injunction. Other dispositive motions, if any, should be brought in the arbitral forum.

**5.   Pre-Trial Order:**

**Plaintiffs' View:** The deadline for filing the joint pre-trial order shall be no later than <u>May 10, 2019</u>, which is 30 days after the date set for filing dispositive motions, pursuant to LR II 26-1(b)(5). In the event that dispositive motions are filed, the date for filing the joint pre-trial order shall be suspended until 30 days after entry of an order on the dispositive motions or until further order of the Court.

**Defendant's View:** Plaintiffs' request for emergency injunctive relief is fully briefed and oral argument on Plaintiffs' Motion for Preliminary Injunction is set for November 13, 2018. All other matters have been referred to arbitration, and trial will take place there. The arbitrator's scheduling order provides deadlines to a pre-trial status conference, trial witness disclosures, trial exhibits, and pre-trial briefs. Thus, there should not be any pre-trial order in this case.

**6.   Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures:**

**Plaintiffs' View:** Pursuant to LR II 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pre-Trial Order.

**Defendant's View:** Plaintiffs' request for emergency injunctive relief is fully briefed and oral argument on Plaintiffs' Motion for Preliminary Injunction is set for November 13, 2018. All other matters have been referred to arbitration, and trial will take place there. The arbitrator's scheduling order provides deadlines to a pre-trial status conference, trial witness disclosures, trial exhibits, and pre-trial briefs. Thus, there should not be any pre-trial order or pre-trial disclosures in this case.

7. **Interim Status Report:**

**Plaintiffs' View:** Pursuant to LR II 26-3, the parties shall file a joint interim status report by January 10, 2019, which is not later than 60 days prior to the close of discovery.

**Defendant's View:** The parties shall file a joint interim status report within 14 days of the arbitrator's issuance of the arbitration award.

E. **Protective Orders for Confidential Documents and/or Information:**

The parties agree that this case will involve the disclosure of confidential business and personal information. Therefore, the parties stipulate and agree that a protective order is warranted and will separately submit a stipulated protective order or move for entry of a protective order. The parties further agree that the forthcoming protective order may include three tiers of confidentiality protection, providing, for example, that documents or materials produced may be designated either "Confidential", "Highly Confidential – Attorneys Eyes Only", or "Highly Confidential – Source Code."

Defendant further states the parties' stipulated protective order, if any, will govern discovery in the arbitration and that no discovery should be had in this forum. If necessary, Defendant will move for a protective order to prevent discovery from taking place in this forum.

F. **Subjects of Discovery:**

**Plaintiffs' View:** Discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

**Defendant's View:** Discovery should not take place in this forum because it is not necessary or appropriate to resolve Plaintiffs' Motion for Preliminary Injunction, which is fully briefed and set for oral argument on November 13, 2018. Rather, discovery should continue to take place in the arbitral forum where all disputes other than Plaintiffs' request for emergency injunctive relief will be adjudicated. Discovery should take place in the arbitration forum according to the AAA Employment Arbitration Rules and the arbitrator's scheduling order.

G. **Possibility of Settlement:**

The parties have engaged in pre-litigation settlement discussions without success.

///

**H.    Alternative Dispute Resolution:**

Pursuant to LR 26-1(b)(7), the parties discussed the possibility of using alternative dispute resolution processes in this action. As noted above, a separate arbitration proceeding has commenced.

**I.    Discovery Phases:**

**Plaintiffs' View:** Plaintiffs do not believe it necessary to conduct discovery in phases or to limit or focus discovery on particular issues.

**Defendant's View:** Defendants do not believe it is necessary or appropriate to conduct discovery in this forum. Discovery should take place in the arbitration forum according to the AAA Employment Arbitration Rules and the arbitrator's scheduling order.

**J.    Alternative Forms of Case Disposition:**

Pursuant to LR II 26-1(b)(8), the parties certify that they have considered consent to trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, as well as the use of the Short Trial Program. The parties do not believe that this case is appropriate for alternative forms of case disposition.

**K.    Electronic Evidence Presented to the Jury:**

Neither party has requested a jury trial in this action.

///
///
///
///
///
///
///
///
///
///
///
///

1

**L.    Pre-trial Conference:**

2

At this time, the parties do not request a pretrial conference.

3

DATED this 2nd day of November, 2018.    DATED this 2nd day of November, 2018.

4

5

**HOLLEY DRIGGS WALCH**                          **MACDONALD CARANO LLP**
**FINE WRAY PUZEY & THOMPSON**

6

7

*/s/ James D. Boyle*                                         */s/ Leigh Goddard*
BRIAN W. BOSCHEE, ESQ. (NBN 07612)          LEIGH GODDARD (NBN 06315)

8

JAMES D. BOYLE, ESQ. (NBN 08384)             LAURA JACOBSEN (NBN 13699)
JOANNA M. MYERS, ESQ. (NBN 12048)          100 West Liberty Street, 10th Floor

9

400 South Fourth Street, Third Floor               Reno, Nevada 89501
Las Vegas, Nevada 89101

10

11

**ROTTENBERG LIPMAN RICH, P.C.**                 **PRATHER LAW OFFICES**

12

HARRY W. LIPMAN, ESQ. (*PHV pending*)        EDWIN K. PRATHER (*PHV pending*)
RICHARD E. ROSBERGER, ESQ. (*PHV pending*)  SYBIL L. RENICK (*PHV pending*)

13

230 Park Avenue, 18th Floor                          245 Fifth Street, Suite 103
New York, New York 10169                            San Francisco, California 94103

14

15

*Attorneys for Plaintiffs*                                   *Attorneys for Defendant*

16

17

18

**IT IS SO ORDERED:**

19

20

_____

21

UNITED STATES MAGISTRATE JUDGE

22

DATED:_____

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on the 2nd day of November, 2018, I caused the document entitled **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**, to be served as follows:

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| Leigh Goddard, Esq.<br>Laura Jacobsen, Esq.<br>McDONALD CARANO LLP<br>100 West Liberty Street, 10th Floor<br>Reno, Nevada 89501 | Defendant Liang Yu | ☐ Personal Service<br>■ Email/ECF<br>☐ Fax Service<br>☐ Mail Service |
| Edwin K. Prather, Esq.<br>Sybil L. Renick, Esq.<br>PRATHER LAW OFFICES<br>245 Fifth Street, Suite 103<br>San Francisco, California 94103 | Defendant Liang Yu | ☐ Personal Service<br>☐ Email<br>☐ Fax Service<br>■ Mail Service |

An employee of Holley Driggs Walch
Fine Wray Puzey & Thompson