UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZITAN TECHNOLOGIES, LLC, a Nevada limited liability company; and GINKGO LLC, a Nevada limited liability company,<br><br>                Plaintiffs,<br><br>    v.<br><br>LIANG YU, an individual,<br><br>                Defendant. | CASE NO.: 3:18-cv-00395-RCJ-WGC<br><br>**GRANTING PRELIMINARY INJUNCTION** |

      This matter came for hearing on November 13, 2018, on Plaintiffs Zitan Technologies, LLC and Ginkgo LLC/s (collectively, "Plaintiffs" or the "Companies") Motion for Preliminary Injunction (ECF No. 15). Defendant Liang Yu ("Mr. Yu" or "Defendant") filed an Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 26). Plaintiffs filed a reply brief (ECF No. 31). In addition, Plaintiffs filed certain documents appended to Plaintiffs' unopposed *Ex Parte* Motion For Leave to File Documents In Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Under Seal (ECF No. 7), which the Court permitted (ECF No. 35). The Court previously addressed Plaintiffs' Motion for Temporary

Restraining Order (ECF No. 14), which it denied for the reasons set forth in the Order entered on October 17, 2018. (ECF No. 35).

Subsequently, the Magistrate Judge entered an Order staying discovery in this action pending resolution of an arbitration proceeding between Plaintiffs and Defendant (the "Stay Order") (ECF No. 43).

The Court heard oral argument from counsel for both parties and issued a Minute Order granting preliminary injunctive relief on November 13, 2018. (ECF No. 48). The Court did not hear evidence. This Order follows.

## I.    FACTS

The facts of this matter are set forth in the Court's prior Order of October 17, 2018 (ECF No. 35) and incorporated herein by reference.

## II.    LEGAL STANDARDS

### A.    Preliminary Injunction

Injunctions are extraordinary remedies, never awarded as of right, but based on a balance of competing claims of injury and the effect on each party of awarding or denying the requested injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

To obtain preliminary injunctive relief, the Ninth Circuit has established two alternative sets of criteria:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). The Supreme Court later ruled, however, that a plaintiff seeking a preliminary injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 555 U.S. 7, 19–23 (2008) (rejecting the alternative "sliding scale" test, at least as to the irreparable harm requirement). In *Stormans, Inc. v. Selecky*, the Ninth Circuit recognized that the "possibility of irreparable injury" test was "definitively refuted" in *Winter* and that the appropriate standard "requires a party to demonstrate 'that he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20) (reversing a district court's use of the Court of Appeals' pre-*Winter*, "sliding-scale" standard and remanding for application of the proper standard).

However, the Ninth Circuit later held in *Alliance for the Wild Rockies v. Cottrell* that although irreparable harm must be more likely than not, the sliding scale approach remains viable as to the other requirements, and a plaintiff needn't be more likely than not to succeed on the merits, so long as there are "serious questions" on the merits. 632 F.3d 1127, 1134–35 (9th Cir. 2011) ("That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, . . . [if] the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."). *Cottrell* presents some difficulty in light of *Winter* and *Stormans*. To the extent *Cottrell*'s interpretation of *Winter* is inconsistent with *Stormans*, *Stormans* should control. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (*en banc*) (discussing the standards for determining controlling authority).

The Supreme Court stated in *Winter* that "[a] plaintiff seeking a preliminary injunction must establish that he is *likely* to succeed on the merits, that he is *likely* to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the public interest." *Winter*, 555 U.S. at 20. As a matter of grammar, the Supreme Court has laid out four conjunctive tests, not a four-factor balancing test, using the word "likely" to modify the success-on-the-merits test in exactly the same way as the irreparable-harm test. In finding the "possibility" of irreparable harm to be insufficient, the *Winter* Court itself emphasized (with italics) the fact that the word "*likely*" modifies the irreparable-harm prong. *Id.* at 22. The word "likely" modifies the success-on-the-merits prong in a textually identical way. *Id.* at 20. Therefore, to satisfy *Winter*, a movant must show that he is likely to succeed on the merits and suffer irreparable harm.

///

Regarding the irreparable-harm test, *Winter* is clear that the word "likely" means what it normally means, i.e., more probable than not. There is tension in the case law, however, as to the meaning of likely as applied to the success-on-the-merits test. Black's Law Dictionary defines the "likelihood-of-success-on-the-merits test" as "[t]he rule that a litigant who seeks [preliminary relief] must show a reasonable probability of success . . . ." *Black's Law Dictionary* 1069 (10th ed. 2014). A Ninth Circuit case predating *Cottrell* that used the "serious questions on the merits standard" as an alternative to a "probability of success on the merits" defined serious question as a "fair chance of success on the merits." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1985). The Ninth Circuit has reiterated the "fair chance" language since *Cottrell*. *See, e.g.*, *Arc of Cal. v. Douglas*, 757 F.3d 975, 993 (9th Cir. 2014).

## B.  Adverse Inference

Furthermore, this Court has "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).  A finding of "bad faith" is not a prerequisite to an adverse inference instruction. *Id.* To determine whether spoliation has occurred, the Court applies a three-part test:

> "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."

*Fowler v. Wal-Mart Stores, Inc.*, Case No. 2:16-CV-450 JCM (GWF), 2017 WL 3174915, at *3 (D. Nev. July 26, 2017) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012)).

## III.  DISCUSSION

The Court, having duly considered Plaintiffs' Motion for Preliminary Injunction, the declarations and exhibits submitted therewith, Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction, the declarations and exhibits submitted therewith, the pleadings and records on file herein, and having received the oral argument of counsel presented to this Court,

///

hereby makes the following preliminary findings and conclusions pursuant to Federal Rule of Civil Procedure 65(d).

## A. FINDINGS OF FACT.

1. Plaintiffs have preliminarily demonstrated that Exhibits A-1 through A-20 to the Declaration of Changchun Shi in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 15-1) contain trade secrets and confidential/proprietary information ("Plaintiffs' Confidential Assets") as defined by the Defend Trade Secrets Act ("DTSA") 18 U.S.C. § 1839(3) and Nevada's Uniform Trade Secrets Act ("UTSA"), NRS § 600A.030(5).

2. Defendant signed the Zitan Confidentiality Agreement, Data Policy, Communication Policy, and Termination Letter. (ECF Nos. 7-1, 7-2, 7-3 and 7-4).

3. Collectively, the Zitan Confidentiality Agreement, Data Policy, Communication Policy, and Termination Letter specifically address the duties and obligations that Defendant owed to Plaintiffs with regard to the protection and confidentiality of Plaintiffs' Confidential Assets. Specifically, the Communication Policy prohibited Defendant from, among other things, acquiring Plaintiffs' Confidential Assets from Plaintiffs' servers and moving same onto Defendant's devices without Plaintiffs' explicit prior approval.

4. Plaintiffs have demonstrated that Defendant, while employed by Zitan, downloaded 114 files from Zitan's cloud-based account, although it is disputed as to whether the download was for business purposes. Nevertheless, the record indicates that files were downloaded on March 23, 2018 were transferred to Defendant's personal computer. Plaintiffs have also demonstrated that, on this same date, Defendant deleted at least 26 files from another of Zitan's cloud-based accounts, although Defendant presented evidence that the files were merely duplicative files already maintained in Zitan's servers.

5. Defendant has admitted that he immediately deleted the files downloaded to his personal laptop computer.

6. Defendant also admitted that, following receipt of Plaintiffs' May 3, 2018 letter instructing him to preserve all documents, electronically stored information, data and metadata,

he instead destroyed and discarded his personal laptop's hard drive.  Defendant contends that he did so to ensure that he no longer maintained possession of Plaintiffs' information.

8.     There is no evidence in the record as to the current location of the destroyed hard drive.  The Court makes an adverse inference, as noted below, that Defendant may still possess the documents downloaded to his personal laptop on March 23, 2018.

9.     Defendant will suffer no harm by entry of an injunction.

**B.     CONCLUSIONS OF LAW.**

1.     Intellectual property assets such as Plaintiffs' Confidential Assets are worthy of protection through injunctive relief.

> Public disclosure of a trade secret destroys the information's status as a trade secret. This harms the trade secret owner by both depriving him of a property interest . . . and by allowing his competitors to reproduce his work without an equivalent investment of time and money. Disclosure of non-trade secret confidential information is similarly recognized as a serious harm.

*Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919 (D. Nev. 2006).

2.     Both the DTSA and UTSA define "misappropriation" as "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or "disclosure or use of a trade secret of another without express or implied consent" in specified circumstances. 18 U.S.C. § 1839(5)(A); NRS § 600A.030.

3.     Zitan has preliminarily demonstrated that the Confidentiality Agreement, Data Policy, Communication Policy, and Termination Letter, (ECF No. 7-1), are valid and existing contracts. Plaintiffs have preliminarily demonstrated that Defendant likely breached the Communication Policy.  Plaintiffs have also demonstrated that they may suffer damage as a result of said breaches. *Saini*, 434 F.Supp.2d at 919-20.

4.     This Court may issue a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. In order to obtain a preliminary injunction, Plaintiffs are required to show: (a) a likelihood of success on the merits; (b) a likelihood of irreparable harm in the absence of such relief; (c) that the balance of equities tips in favor of Plaintiffs; and (d) the issuance of such an order is in the public interest. *Winter*, 555 U.S. at 20; *Adidas America*, 800 F.3d at 753.

///

5. Plaintiffs are likely to succeed on the merits of their claims under the DTSA (18 U.S.C. § 1836) and the UTSA ((NRS § 600A.010, *et seq.*), and breach of the Communications Policy

6. There is no evidence in the record that Defendant actually possesses Plaintiffs' Confidential Assets. However, this Court makes an adverse inference based on Defendant's destruction of the hard drive to his personal computer after he was instructed to preserve all potentially relevant electronically stored information, documents, data and metadata, including his personal devices. *Glover*, 6 F.3d at 1319. Consistent with the test set forth in *Fowler*, this Court concludes that: (a) Defendant had control over the hard drive to his personal computer, and had an obligation to preserve it at the time he purportedly destroyed it; (b) Defendant destroyed the hard drive with a "culpable state of mind" – that is, with knowledge that he was under an expectation of preservation; and (3) the hard drive was (and is) relevant to Plaintiffs' claims alleged in this action. Further, Defendant has not provided this Court with any evidence as to where or how the hard drive was destroyed, or produced any evidence of its destruction. Thus, the Court makes an adverse inference that Defendant's alleged destruction of his hard drive supports a conclusion that Plaintiffs are likely to suffer irreparable harm absent entry of preliminary injunctive relief as there is a risk to Plaintiffs that Defendant has the potential to cause damage to the Plaintiffs should he possess any of Plaintiffs' trade secrets or confidential information. *Leon*, 464 F.3d at 958; *Fowler*, 2017 WL 3174915, at *3.

7. Plaintiffs are likely to suffer irreparable injury to their business advantages if Defendant uses and/or discloses to third parties Plaintiffs' Confidential Assets. Defendant's possible continuing possession of Plaintiffs' Confidential Assets, given Defendant's destruction of evidence, shows that Plaintiffs may suffer irreparable injury. Allowing Defendant to continue in possible possession of Plaintiffs' Confidential Assets exposes Plaintiffs to possible irreparable damage. *Prot. Techs., Inc. v. Ribler*, No. 3:17-cv-00144-LRH-WGC, 2017 WL 923912, at *2 (D. Nev. Mar. 8, 2017); *United Capital Fin. Advisers, Inc. v. Capital Insight Partners*, LLC, No. 2:12-CV-0300-LRH-PAL, 2012 WL 1079329, at *3 (D. Nev. Mar. 30, 2012).

///

8. The balance of the hardships tips in favor of Plaintiffs because issuance of this preliminary injunction causes no harm to Defendant but merely prevents Defendant from exploiting Plaintiffs' trade secrets and proprietary information and data for his own benefit, or the benefit of third parties if Defendant were to actually possess the Confidential Assets. Denying the requested preliminary injunction outweighs the harm to the legitimate interests of Defendant from granting such relief. Granting this preliminary injunction simply places Defendant "in the position [he] would have occupied if the breach of confidence had not occurred […]." *Winston Res. Corp. v. Minn. Mining & Mfg.*, 350 F.2d 134, 142 (9th Cir. 1965).

9. Entry of a preliminary injunction serves the public interest in protecting trade secrets and proprietary information and data, as set forth in both the DTSA and the UTSA. *See Prot. Techs., Inc.*, 2017 WL 923912, at *3.

10. This Court may enjoin any "actual or threatened misappropriation" and, in appropriate circumstances, take "affirmative acts to protect a trade secret." 18 U.S.C. § 1836(a)(3); NRS § 600A.040.

11. A bond of $100.00 is reasonable and adequate under the circumstances.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (ECF No. 15) is GRANTED. Defendant Liang Yu, and any other persons or entities acting in active concert or participation with, for, by, through, under, or in association with him are preliminary enjoined from:

1. possessing, using, exploiting, disclosing or disseminating Plaintiffs' trade secrets and proprietary information and data, including, without limitation, trading and business strategies, real-time reporting, post-trade analysis, and technologies, which are built on unique trading algorithms, mathematical models, predictive signals, computer code, infrastructure design, and other related proprietary/confidential information and data (collectively, "Plaintiffs' Confidential Information").

2. utilizing Plaintiffs' Confidential Information for the benefit of Defendant and/or any third party; and

3.    engaging in any destruction, deletion, purging, scrubbing or other form of spoliation of any and all data on or accessible through Defendant's electronic devices and his third-party electronic accounts for storing information.

IT IS FURTHER ORDERED that Defendant shall:

1.    Within five (5) days of the entry of this Order, make each one of his electronic devices and his third-party electronic accounts for storing information available for an independent forensic examination by Plaintiffs, subject to the terms and conditions of the protective order and forensic search protocol entered in the related arbitration; and

2.    Within five (5) days of the entry of this Order, make each one of the mirrors or replications of Defendant's electronic devices and his third-party electronic accounts, presently in the possession of Setec Technologies, Inc., available for an independent forensic examination by Plaintiffs, subject to the terms and conditions of the protective order and forensic search protocol entered in the related arbitration.

IT IS FURTHER ORDERED that the Stay Order (ECF No. 43) is hereby vacated in part and only for the limited purposes of permitting Plaintiffs to effectuate the discovery set forth above regarding examination of Defendant's electronic devices, third-party electronic accounts for storing information, and the mirrors or replications of Defendant's electronic devices and his third-party electronic accounts presently in the possession of Setec Technologies, Inc.  In all other respects, discovery shall be and remain stayed pursuant to the Stay Order.

IT IS FURTHER ORDERED that the Preliminary Injunction is effective upon Plaintiffs posting a bond in the sum of One Hundred Dollars and No Cents ($100.00).

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED:__ January 3, 2019

– 9 –