# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ZITAN TECHNOLOGIES, LLC, et al.,

    Plaintiffs,

vs.

LIANG YU,

    Defendant.

3:18-cv-00395-RCJ-WGC

**ORDER**

    Pending before the Court is the Defendant's Motion for Protective Order (ECF No. 61) and Supplemental Motion for Protective Order (ECF No. 62). The Defendant argues that the Plaintiffs violated the Stay Order (ECF No. 43), which stayed discovery pending resolution of the Parties' arbitration, and so a protective order is warranted. The Court agrees, and therefore grants the Defendant's Motions in part.

## I. FACTS AND PROCEDURAL HISTORY

    While employed at Zitan Technologies, LLC, the Defendant downloaded files that he had created from Dropbox to his personal computer, because he was allegedly experiencing technical issues with his work-issued laptop. Afterwards, the Defendant claims that he deleted the files from his personal computer when he realized that he should not have downloaded the files to his personal device. According to the Plaintiffs, the Defendant additionally deleted documents from Evernote, an application for organizing and archiving notes, and deleted source code, data files,

and the command history from his work computer. Although the Defendant was promoted five days later, he resigned shortly after over supposed disappointment with the position he was given.

After failure to resolve the matter out of court, the Plaintiffs filed the present suit over the information that the Defendant downloaded to his personal computer. At a hearing, this Court granted the Plaintiff's Motion for Preliminary Injunction (ECF No. 48). The Order Granting Preliminary Injunction (ECF No. 58) vacated the Stay Order, which was entered because of pending AAA arbitration proceedings. The Injunction Order vacated the discovery stay, but only in part. The Injunction Order specified that the Defendant must:

> 1. Within five (5) days of the entry of this Order, make each one of his electronic devices and his third-party electronic accounts for storing information available for an independent forensic examination by Plaintiffs, subject to the terms and conditions of the protective order and forensic search protocol entered in the related arbitration; and
>
> 2. Within five (5) days of the entry of this Order, make each one of the mirrors or replications of Defendant's electronic devices and his third-party electronic accounts, presently in the possession of Setec Technologies, Inc., available for an independent forensic examination by Plaintiffs, subject to the terms and conditions of the protective order and forensic search protocol entered in the related arbitration.
>
> IT IS FURTHER ORDERED that the Stay Order (ECF No. 43) is hereby vacated in part and only for the limited purposes of permitting Plaintiffs to effectuate the discovery set forth above regarding examination of Defendant's electronic devices, third-party electronic accounts for storing information, and the mirrors or replications of Defendant's electronic devices and his third-party electronic accounts presently in the possession of Setec Technologies, Inc. In all other respects, discovery shall be and remain stayed pursuant to the Stay Order.

Since that Order, the Plaintiffs have issued three third-party subpoenas: the Plaintiffs have subpoenaed eBay Inc., PayPal Holdings, Inc., and L2 Computer, Inc. to testify in depositions and provide personal documents and communications concerning the Defendant. The Parties dispute

the scope of the permitted discovery and the legality of the third-party subpoenas issued by the Plaintiffs.

**II.    ANALYSIS**

The Court holds that the Plaintiffs violated the Court's Orders detailing the permissible scope of discovery to the extent that the third-party subpoenas sought information unrelated to obtaining the Defendant's electronic devices or replications of those devices. Although the Plaintiffs argue that their third-party subpoenas complied with the Federal Rules of Civil Procedure, because they were not unduly cumulative or more easily obtained through the arbitration forum, this argument neglects the Court's directives. Federal Rule of Civil Procedure 26(b)(1) states the normal limits of discovery, "[u]nless otherwise limited by court order." Here, the Court's Stay Order entered on November 5, 2018 stayed all discovery. In granting the stay request by the Defendant, the Court agreed with the Defendant that discovery should proceed in the arbitral forum. The Injunction Order only limited the discovery stay in part, effectuating a limited carveout of the stay. The carveout required the Defendant to (1) make his electronic devices and accounts available to the Plaintiffs and (2) provide mirrors or replications of the Defendant's electronic devices and accounts in the possession of Setec Technologies. The discovery stay otherwise remained in place prohibiting all other discovery. The Injunction Order unambiguously stated: "the Stay Order (ECF No. 43) is hereby vacated in part and only for the limited purposes of permitting Plaintiffs to effectuate the discovery set forth above . . . . In all other respects, discovery shall be and remain stayed pursuant to the Stay Order."

Accordingly, the Court finds that a protective order is warranted, but it will allow the Plaintiff to use information obtained from eBay, PayPal, or L2 Computer to the extent that the information is necessary to analyze or review the Defendant's electronic devices and thereby effectuate the Court's limited discovery carveout. Otherwise, the Plaintiff is prohibited from

using information obtained from eBay, PayPal, or L2 Computer or any other third party subpoenaed in contravention of this Court's Stay Order without leave of court.

**CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's Motion for Protective Order (ECF No. 61) and Supplemental Motion for Protective Order (ECF No. 62) are GRANTED IN PART.

IT IS SO ORDERED.

Dated this 29th day of August 2019.

_____
ROBERT C. JONES
United States District Judge