# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ZITAN TECHNOLOGIES, LLC, a Nevada limited liability company; and GINKGO LLC, a Nevada limited liability company,

    Plaintiffs,

vs.

LIANG YU, an individual,

    Defendant.

Case No. 3:18-cv-00395-RJC-WGC

**ORDER**

Plaintiffs seek to confirm an arbitration award and move for attorney fees and costs incurred in the process of acquiring preliminary and permanent injunctions. Defendant does not challenge the confirmation of the award but contends the Arbitrator foreclosed attorney fees and costs related to the permanent injunction acquired in that forum. Defendant further argues that the attorney fees sought for the preliminary injunction are unreasonable on more than a dozen grounds. The Court agrees the Arbitrator ruled against Plaintiffs on the issue of whether they are entitled to fees incurred seeking a permanent injunction and some of the requested fees stemming from the motion for a preliminary injunction are unreasonable. The Court accordingly grants the motion to confirm the award and grants in part and denies in part the motion for attorney fees.

**FACTUAL BACKGROUND**

In 2015, Plaintiffs hired Defendant to assist them in their business of developing trading signals and strategies. (Final Award of Arbitrator, ECF No. 71 Ex. A.) At this time, the parties executed four agreements, including the "Confidentiality Agreement." (*Id.*) In 2018, Defendant resigned from Plaintiffs' employment. Shortly before his resignation, he downloaded multiple files containing Plaintiffs' trade secrets from Plaintiffs' accounts to his personal computer and potentially to other electronic devices, storage units, or mediums. (*Id.*) On August 17, 2018, Plaintiffs filed this case in this Court. (ECF No. 1.) A week later, Plaintiffs moved for a temporary restraining order and a preliminary injunction, which became fully briefed on September 17, 2018. (ECF Nos. 14, 15.) On October 17, 2018, this Court declined to issue a temporary restraining order and set an oral argument but not an evidentiary hearing for the preliminary injunction. (ECF Nos. 31, 32.) This Court held oral arguments on November 13, 2018 and granted the preliminary injunction. (ECF No. 58.) Meanwhile, Plaintiffs began to prosecute their case in arbitration, and discovery in this case was stayed. (*See* ECF No. 43.)

Between September 2018 and December 2019, Plaintiffs and Defendant engaged in considerable discovery and preparation in the arbitral forum. Such efforts included extensive written discovery, the production of thousands of pages of documents and data, forensic analysis of some of Dr. Yu's devices (resulting in the production of nearly 50,000 ESI documents), the engagement of six distinct expert witnesses, multiple party and third-party depositions, and several pre-arbitration discovery and substantive motions and argument. Beginning in February 2019 and continuing for several months thereafter (due to the interposition of the Covid pandemic), the Arbitrator heard multiple days of testimony (including that of expert witnesses), received hundreds of exhibits and demonstrative presentations, received the argument of counsel, and received considerable post-arbitration briefing from the parties. The Arbitration closed on October 23, 2020.

On December 22, 2020, the Arbitrator issued his Final Award of Arbitrator in which he largely ruled in favor of Plaintiffs, concluding that Plaintiffs were the prevailing party on most of their asserted claims and that Defendant did not prevail on his single asserted counterclaim. (ECF No. 71 Ex. A.) The Arbitrator also ruled against Plaintiffs on the issue of whether Defendant acted "maliciously." (*Id.*) Plaintiffs filed a motion for the Arbitrator to fix "technical errors"[1] in the final order, where they sought to reverse the finding on maliciousness and to remedy a computational error. (ECF No. 71 Ex. B.) The Arbitrator found that it was inappropriate to revisit the issue of maliciousness as a technical error but did find that he failed to include a request for $10,320, which the Arbitrator therefore added to the costs award to Plaintiffs. In sum, the Arbitrator awarded the following uncontested items to Plaintiffs:

> 1. An award of damages, including investigative costs, in the aggregate amount of $315,642.00. (ECF No. 71 Ex. A.)
> 2. An award of costs in the aggregate amount of $364,282. (ECF No. 71 Exs. A, B.)
> 3. A conclusion that permanent injunctive relief should issue pursuant to NRS 600A.040(1) and 18 U.S.C. § 1836(b)(3), and consistent with this Court's prior issuance of preliminary injunctive relief. (ECF No. 71 Ex. A.)

The parties disputed the extent to which Plaintiffs are entitled to attorney fees in accordance with the Confidentiality Agreement and the Arbitration award.

The agreement contains two provisions regarding attorney fees. Section 11 of the agreement, which is titled "Arbitration," states the following in pertinent part:

> [A]ny controversy or claim between [Defendant] and [Plaintiffs] arising out of or relating to [Defendant's] employment or termination of employment or any other dispute between the parties, whether arising in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, will be settled and determined by a single arbitrator whose award will be accepted as final and binding upon the parties. The arbitration will be conducted in Washoe County, Nevada and in accordance with the American Arbitration Association ("AAA") Employment Arbitration Rules in effect at the time such

---

[1] The applicable arbitration rules generally do not allow the arbitrator "to redetermine the merits of a any claim already decided," but do allow him "to correct any clerical, typographical, technical, or computational errors in the award." (ECF No. 71 Ex. B.)

arbitration is properly initiated, except in the event of any conflict with applicable law or the terms of this Section 11, in which case applicable law will take precedence under all circumstances and the terms of this Agreement will take precedence over the AAA rules. The arbitrator will render a written decision to the parties setting forth the rationale for any award. The costs of the arbitration, including administrative fees and fees charged by the arbitrator, will be allocated pursuant to the AAA rules or, in the absence of any rules governing such costs, will be shared equally between the parties. Each party will bear its or his own travel expenses and attorneys' fees. . . . A judgment may be entered upon the arbitrator's decision and the decision will be enforceable by any court having jurisdiction thereof.

(ECF No. 7, Ex. A.) Section 12 of the agreement, which is titled "Injunctive Relief," states the following in pertinent part:

> Because money damages for the breach or threatened breach of [Defendant's] obligations under this Agreement may be inadequate to compensate [Plaintiffs] fully for the harm it has suffered or will suffer, [Plaintiffs] may seek and obtain injunctive relief (a court or arbitrator's order preventing me from doing something) or specific performance (a court or arbitrator's order compelling me to do something) or other remedies in equity, in court or before an arbitrator . . . , without being obligated to show actual damages. In addition, [Plaintiffs] may obtain any other remedies available at law, in equity or under this Agreement. In connection with any claim based on a breach or threatened breach of this Agreement, the prevailing party shall be entitled to payment of its reasonable attorneys' fees and costs by the non-prevailing party. [Defendant waives] any requirement for the posting of a bond in connection with any injunctive relief sought or obtained by [Plaintiffs].

(*Id.*)

Plaintiffs moved for attorney fees pursuant to the Agreement before the Arbitrator on which he ruled the following:

> [S]ection 11 ("Arbitration") provides that, "Each party will bear its or his own travel expenses and attorneys' fees." [Plaintiffs] argue[] section 12 of the agreement – entitled "Injunctive Relief" – authorizes the award of attorney's fees to the prevailing party. Specifically, after discussing the circumstances in which injunctive relief can be sought, section 12 provides, "In connection with any claim based on a breach or threatened breach of this Agreement, the prevailing party shall be entitled to payment of its reasonable attorneys' fees and costs by the non-prevailing party." [Plaintiffs] argue[] the reference to "any claim" includes claims brought in arbitration. Here, [Plaintiffs] first chose to proceed under Section 12 by seeking injunctive relief in federal court. [Plaintiffs] obtained a preliminary injunction (but not a TRO) without showing actual damages. [Plaintiffs] then

> proceeded to arbitration, and thus elected to proceed under Section 11 which plainly provides that each party shall bear its own attorneys' fees. Although somewhat ambiguous, I find from the context of section 12 that this attorney's fees provision applies only to actions for injunctive relief, while the attorney's fees provision in section 11 applies to arbitrations. Importantly, the provisions in these two sections contain opposite provisions as to attorneys' fees, suggesting each provision applies only to its own section. Further, as the drafter of the agreement, any ambiguity should be construed against [Plaintiffs]. Thus, I find the provision in section 11 which indicates that each party will bear its own attorneys' fees to be the proper standard here.
>
> Additionally, because [Plaintiffs] sought and successfully obtained a preliminary injunction in the District Court, I believe that any assessment of reasonable attorney's fees and costs in relation to those proceedings should be determined by the District Court, and not this [sic] by this Arbitrator. By making the subsequent election to pursue arbitration, [Plaintiffs were] able to obtain an award of damages, but must pay their own attorneys' fees and travel expenses for this phase of the proceedings.

(ECF No. 72 Ex. A.)

Presently, Plaintiffs move to confirm the Arbitration award. Plaintiffs also move for attorney fees and costs in the aggregate of $829,536.64. They seek $98,962.50 for work performed by the law firm of Holley Driggs to acquire a preliminary injunction and $644,606.80 for acquiring a permanent injunction. Plaintiffs reduced their request for attorney fees related to a permanent injunction by 20% from $805,758.50 to account for the overlap between the work for damages before the Arbitrator. Plaintiffs also request $85,335.79 for the law firm of Rottenberg Lipman Rich, P.C. ("RLR") for work they performed in acquiring the preliminary injunction. Plaintiffs lastly seek $631.61 in nontaxable costs related to travel expenses for the preliminary injunction hearing. Defendant does not oppose the confirmation of the Arbitration award. Defendant however claims the Arbitrator ruled against Defendant on the issue of attorney fees related to seeking the permanent injunction and argues $184,298.29 is unreasonable.[2]

---

[2] The parties also move to seal their filings. (ECF Nos. 74, 80.) As the Court has ruled previously (ECF Nos. 13, 53), the case involves trade secrets and other confidential information. Furthermore, their confidentiality agreement notes that any arbitration award would remain confidential. The Court finds these reasons "compelling" and therefore finds "good cause" to grant these motions. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

**ANALYSIS**

As an initial matter, the Court confirms the final arbitration award and its correction attached as ECF No. 72 Exs. A, B. Both parties acknowledge that the Federal Arbitration Act "gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *In re Sussex*, 781 F.3d 1065, 1072 (9th Cir. 2015). A court must confirm an arbitration award "unless the award is vacated, modified, or corrected." *Inomedic/Innovative Health Applications, LLC v. Noninvasive Med. Techs., Inc.*, No. 2:14-CV-01035-RFB-VCF, 2016 WL 5934419, at *1 (D. Nev. Oct. 11, 2016) (citing 9 U.S.C. § 9); *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003). As such, there are two remaining issue which this Court will address in turn: (1) whether the Arbitrator permitted this Court to award attorney fees for the permanent injunction litigated in that forum and (2) whether the requested attorney fees are reasonable.

As for the first issue, the Court agrees with Defendant—the Arbitrator foreclosed attorney fees incurred in seeking a permanent injunction. (ECF No. 72, Ex. A at 12.) The Arbitrator acknowledged that Section 12, entitled "Injunctive Relief," of the Confidential Agreement entitles the prevailing party to reasonable attorney fees "[i]n connection with any claim based on a breach or threatened breach of this Agreement." (*Id.* (quoting ECF No. 7, Ex. A).) Despite this provision, Section 11, entitled "Arbitration," states, "Each party will bear its or his own travel expenses and attorneys' fees." (*Id.* (quoting ECF No. 7, Ex. A).) Because Plaintiffs were in the arbitration forum seeking both injunctive relief and damages, the Arbitrator noted that there is an ambiguity in the contract as to whether Plaintiffs are entitled to attorney fees. (*Id.*) The Arbitrator therefore ruled:

///

///

///

> [Plaintiffs] sought and successfully obtained a preliminary injunction in the District Court, I believe that any assessment of reasonable attorney's fees and costs in relation to those proceedings should be determined by the District Court, and not this [sic] by this Arbitrator. By making the subsequent election to pursue arbitration, [Plaintiffs were] able to obtain an award of damages, but must pay their own attorneys' fees and travel expenses for this phase of the proceedings.

(*Id.*)

Plaintiffs contend based on this language the Arbitrator "determined and recommended that this Court consider a motion for attorneys' fees and costs incurred in prosecuting Plaintiffs' requests for injunctive relief," including the permanent injunction litigated before the Arbitrator. (ECF No. 73 at 2.) This is nonsensical and plainly against the language of the Arbitrator. The Arbitrator stated this Court should only assess the appropriateness of attorney fees and costs generated from "those proceeding" that culminated in Plaintiffs "successfully obtain[ing] a preliminary injunction." (ECF No. 72, Ex. A at 12.) But that Plaintiffs "must pay their own attorneys' fees and travel expenses for [the] phase of the proceedings" subsequent to their "election to pursue [damages in] arbitration." (*Id.*) Plaintiffs admit they are not entitled to attorney fees that were (at least solely) expended in their quest for damages in the arbitration forum according to the Arbitrator's ruling and further admit that these attorney fees are inextricably intermingled with the attorney fees expended in their pursuit of a permanent injunction. (ECF No. 73 at 7 (admitting a 20% reduction to their attorney fees generated in their pursuit of a permanent injunction is appropriate).) Lastly, Plaintiffs' interpretation of the Arbitrator's ruling would lead to the asinine result that this Court should determine the reasonableness of attorney fees and costs expended in proceedings of which this Court took no part. For these reasons, the Court denies Plaintiffs' request for attorney fees and costs expended before the Arbitrator.

Turning to the second issue, Plaintiffs request $184,929.90 in attorney fees and costs related to their pursuit for preliminary injunctive relief. Defendant admits reasonable attorney fees

and costs are appropriate but objects to the reasonableness of this figure on the grounds it includes attorney fees expended on their failed motion for a temporary restraining order, fees incurred in connection with forensic protocol and protective orders entered by the Arbitrator, and excessive fees incurred due to block billing, overstaffing, duplicative work, inter-office conferences and communications, as well as other unreasonable time and tasks not related to seeking and obtaining the preliminary injunction. The Court agrees in part and reduces the award to $133,202.90.

1. *Fees related to the motion for temporary restraining order.*

Defendant first objects to the fact that numerous of Plaintiffs' time entries related to the preliminary injunction also included work that was performed for the failed motion for temporary restraining order. While the Court agrees that Plaintiffs are not entitled to damages that would have been solely related to the motion for temporary restraining order as they were not the prevailing party, the Court finds that simultaneously seeking a temporary restraining order with the preliminary injunction added a de minimis amount of work. The motions were identical, and as this Court noted, "the standard for granting a temporary restraining order and a preliminary injunction is the same." (ECF No. 35 at 4.) The Court therefore declines to reduce the attorney fees on this ground.

2. *Fees incurred with the Arbitrator's Forensic Protocol Order and Protective Order*

Defendant complains that many of the requested attorney fees stem from hours spent working on orders that were entered by the Arbitrator as opposed to this Court. First, in May 2018, three months before this case was filed in this Court or the American Arbitration Association, Plaintiffs and Defendant began negotiation of a forensic protocol for purposes of examining Defendant's electronic devices and third-party storage accounts. In connection with these negotiations, Plaintiffs purportedly incurred $36,640.50 in attorney fees by RLR that he seeks from Defendant. The Arbitrator entered this forensic protocol order on January 10, 2019. (ECF No. 79

Exs. 8–9.) In its preliminary injunction order, this Court stated that this order was "subject to the terms and conditions of the protective order and forensic search protocol entered in the related arbitration." (ECF No. 58 at 9.) As the forensic protocol was not a part of the injunction that was before this Court, it declines to grant these attorney fees associated with that order.

Similarly, Holley Driggs expended a total of 5.5 hours of labor related to the forensic protocol between October 31, 2018 and November 7, 2018 for which Plaintiffs request $2,080. As these fees are related to the forensic protocol and not the preliminary injunction before this Court (indeed, these hours were expended after the motion for preliminary injunction was fully briefed in this Court), the request for these fees is denied.

Second, Defendant next objects to $5,695 of fees incurred in preparing a protective order between October 1, 2018 and October 30, 2018 regarding the production of documents deemed to be confidential that was entered in this Court (ECF No. 47) and by the Arbitrator. These hours were not related to the discovery and production of documents regarding the motion for a preliminary injunction as the motion was already fully briefed and the Court ruled that it would not hold an evidentiary hearing for the motion. The Court therefore does not award these fees.

3. *Block Billing*

Defendant claims that Plaintiffs excessively block billed such that this Court cannot determine the reasonableness of the hours spent on the work. The Court disagrees. Block billing is permissible "when the party seeking fees meets the basic requirements of 'listing his hours and identifying the general subject matter of his time expenditures.'" *United States v. Creekside Hospice II, LLC*, 2018 WL 4409367, * 3 (D. Nev. Sept. 17, 2018) (citing *Fischer v. SJP-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)). Defendant points to a handful of entries that he claims are unacceptable; for example, in the following entry from August 14, 2018 Holley Driggs billed Defendant for 5.9 hours:

> Call with New York counsel regarding new allegations; revise Shi Declaration in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and revise Motion regarding the same; call with client regarding Complaint; analyze service options under FRCP 4.1; review and revise Motion Plaintiffs' Motion to File Confidential and Proprietary Corporate Documents Under Seal; draft Proposed Order Granting [same]

(ECF No. 73 Ex. A-1.) All these tasks in this entry are recoverable as they relate to their pursuit of injunctive relief in this Court and approximately six hours of this amount of work is reasonable. This example, and the others that Defendant cites, fails to show that a reduction is appropriate on this basis.

### 4. Overstaffing

Defendant complains that Plaintiffs hired two law firms and had five attorneys working on their case, which he contends amounts to overstaffing and requests fifty-percent reduction in the requested fees. Defendant points to a number of nonbinding cases from other districts to cherry pick quotes, where unreasonable staffing was found to merit a reduction in attorney fees. For example, Defendant quotes, "[U]ndoubtedly, parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys, but they may not foist their extravagances upon their unsuccessful adversaries." *Chase Manhattan Bank, N.A. v. Lassiter*, No. 92 Civ. 0804, 1993 WL 277220, at *1 (S.D.N.Y. July 22, 1993). The Court does not find that Plaintiffs overstaffed this case. Here, Plaintiffs were seeking millions of dollars and injunctive relief to protect their valuable trade secrets. For a complex case, such as this one, it is "reasonable to expect a group of attorneys to participate when a firm is employed to work on a case." *Cretney United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 2:13-CV-00167-APG-PAL, 2018 WL 4409367, at *2 (D. Nev. Sept. 17, 2018). The Court consequently declines to reduce the requested fees on this basis.

///

5. *Duplicative Work*

Relatedly, Defendant claims that much of the work was duplicated leading to unnecessary and unreasonable fees. The Court again disagrees. Defendant does point to work that was spent by multiple attorneys at both firms, for example, all five attorneys put some work into the reply brief. However, this is reasonable under the circumstances of this case as explained above.

6. *Excessive time*

Defendant next contends that Plaintiffs' counsel spent exorbitant amounts of time for tasks in this case. Defendant's primary example of this is the fact that Plaintiffs seek fees for approximately 180 hours of work in preparing for and drafting the complaint and preliminary injunction and temporary restraining order motions. However, considering the amount of the evidence Plaintiffs presented in their motions as well as the amount of work that needed to be conducted through forensic analysis to acquire and analyze this material, the hours of work is reasonable. (*See* ECF Nos. 14–15.)

7. *Attorney conferences*

Defendant contends that Plaintiff's counsel charged an unreasonable number of hours spent conferring with each other. The Court is not convinced that the amount of time spent on internal communications was unreasonable. Time spent for attorney conferences may be reasonable fees. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). As the Court finds that the number of hours that Plaintiffs' attorneys spent on the case was sensible, it does not find that the fact that much of these hours included time communicating amongst themselves was unreasonable.

8. *Administrative Tasks*

Defendant objects to two entries by RLR from June 1 and 4, 2018, wherein RLR spoke with two different Nevada law firms in attempt to research and retain Nevada counsel. (ECF No.

73 Ex. B-1.) Defendant also points to several entries where counsel communicated with court staff regarding the case. (ECF No. 73 Ex. A-1.) These entries are reasonable.

*9. Vagueness*

Defendant points to several entries that are too vague to determine their reasonableness or applicability. The Court agrees. The following entries are unacceptably vague from RLR in ECF No. 73 Ex. B-1:

- A. August 22, 2018 – "Telephone call with Nevada counsel, emails with R. Rosberger and H. Lipman"
- B. September 30, 2018 – "HWL Attention to matter throughout the month"
- C. October 8, 2018 – "Conference with H. Lipman re: Yu matter"
- D. November 13, 2018 – "Telephone conference with NV counsel and client"

For these entries, the Court cannot reasonably deduce that they are applicable to the Court's entry of the preliminary injunction as the arbitration proceedings were also ongoing in August 2018. The Court therefore excises these fees, which amount to $2,750.

*10. Entry of August 9, 2018*

Defendant raises a couple of objections to the entry of August 9, 2018 by RLR (ECF No. 73 Ex. B-1): the entry contains a block billed list of tasks that contain work related to arbitration and a redacted task yet fails to reduce the hours spent on the entry. It reads, "Continued review and edit of papers for preliminary injunction motion; emails re: corporate disclosure issues; [REDACTION]; review of issues re: arbitrator's authority to issue injunctions; review of emails from NV counsel containing revised final complaint, motion to seal and certificate of interested parties." As the Court cannot reasonably determine the amount of hours that were spent towards the motion for a preliminary injunction, the Court will reduce the requested fee award by this entry, which is for $2381.50.

///

///

*11. RLR hours in preparation of the oral argument*

RLR charged nearly $900 in fees incurred in assisting Nevada counsel to prepare for the oral argument on the preliminary injunction even though RLR did not have an attorney present at the hearing. Defendant claims this is not reasonable, however, the Court disagrees for much the same reason that the internal communications are reasonable.

*12. Typographical Errors*

Holley Driggs redacted approximately a third of an entry from October 23, 2018 and crossed out the requested fees amount as if to reduce the requested amount but rather increased the amount. This appears to be a typographical error, which Plaintiffs seems to admit in their reply. (ECF No. 82 at 12 n.2 ("Plaintiffs respectfully request leave to submit corrected time entries to address such typographical errors identified by Defendant").) The original entry was for 1.4 hours and $560 and was increased to 4.1 hours and $1640. The Court thus reduces the entry to one hour and $400, leading to a net reduction of the requested fees by $1240.

Similarly, Holley Driggs redacted approximately 75% of an entry from November 16, 2018 for 2.6 hours and $1,040. The remainder of the entry reads, "draft emails to B. Cary regarding transcript of the hearing on Motion for Preliminary Injunction." As this entry is only for an email, the Court finds that it should be reduced to .25 hours and $100. As such, the Court reduces the award by $940.

///

///

///

///

///

///

# CONCLUSION

IT IS HEREBY ORDERED that Motion to Confirm Final Award and Correction of Final Award of Arbitrator (ECF No. 72) is GRANTED. The Final Arbitration Award (ECF No. 72 Ex. A) and the Correction of Final Award (ECF No. 72 Ex. B) are CONFIRMED.

IT IS FURTHER ORDERED that Plaintiffs are AWARDED $315,642.00 in damages pursuant to the Final Arbitration Award and the Correction of Final Award.

IT IS FURTHER ORDERED that Plaintiffs are AWARDED an $364,282.05 in costs pursuant to the Final Arbitration Award and the Correction of Final Award.

IT IS FURTHER ORDERED that Defendant Liang Yu, and any other persons or entities acting in active concert or participation with, for, by, through, under, or in association with him are preliminary enjoined from:

1. possessing, using, exploiting, disclosing or disseminating Plaintiffs' trade secrets and proprietary information and data, including, without limitation, trading and business strategies, real-time reporting, post-trade analysis, and technologies, which are built on unique trading algorithms, mathematical models, predictive signals, computer code, infrastructure design, and other related proprietary/confidential information and data (collectively, "Plaintiffs' Confidential Information").
2. utilizing Plaintiffs' Confidential Information for the benefit of Defendant and/or any third party; and
3. engaging in any destruction, deletion, purging, scrubbing or other form of spoliation of any and all data on or accessible through Defendant's electronic devices and his third-party electronic accounts for storing information.

///

///

IT IS FURTHER ORDERED that Motion for Attorney Fees and Costs (ECF No. 73) is GRANTED IN PART AND DENIED IN PART. Plaintiffs are awarded $133,202.90 in reasonable attorney fees and costs.

IT IS FURTHER ORDERED that Motion to Seal (ECF No. 74) is GRANTED.

IT IS FURTHER ORDERED that Motion to Seal (ECF No. 80) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and close the case.

IT IS SO ORDERED.

Dated July 16, 2021.

_____
ROBERT C. JONES
United States District Judge