UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZITAN TECHNOLOGIES, LLC, a Nevada limited liability company; and GINKGO LLC, a Nevada limited liability company,<br><br>   Plaintiffs,<br><br>vs.<br><br>LIANG YU, an individual,<br><br>   Defendant. | Case No. 3:18-cv-00395-RJC-WGC<br><br>ORDER |

After the close of this case, the parties have five motions for this Court to consider: Motion to Seal Order (ECF No. 92); Motion to Amend/Correct Order (ECF No. 94); Motion for Leave to File Briefing under Seal (ECF No. 95); Motion to Amend/Correct Order (ECF No. 97); and Motion for Return of Security in Allowance of Preliminary Injunction (ECF No. 101). The Court will consider each in turn.

**I.** *Motion to Seal Order*

Defendant seeks to have this Court seal its order (ECF No. 90), which confirmed the arbitration award and granted in part and denied in part Plaintiff's request for attorney fees as well as the related judgment (ECF No. 91). Plaintiffs largely agree that the order should be sealed but

claim the part regarding the permanent injunction and the judgment should remain open to the public. Defendant seeks to have the order and judgment sealed because pursuant to the underlying contract, any arbitration award should be confidential.

The Court grants this motion. As it previously found, the underlying contract requiring court and arbitration decisions confidential is a compelling reason for keeping the arbitration decision sealed. (ECF No. 90 at 5 n.2 (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).) Defendant claims permanent injunctions and judgments should be sealed under Ninth Circuit caselaw. However, while such documents should usually not be sealed, the same analysis applies and district courts occasionally do seal such documents. *See, e.g.*, *California Expanded Metal Prod. Co. v. Klein*, No. C18-0659JLR, 2020 WL 42247, at *2 (W.D. Wash. Jan. 3, 2020). The same logic applies to the order and judgment as it is the result of the arbitration award.

### II.  *Motion to Amend/Correct Order*

Plaintiffs seek to amend a typographical error in the Court's order, which Defendant does not oppose. On page 14 line 11, it contains the word "preliminary." This should be "permanently." Fed. R. Civ. P. 60(a) permits the Court to "correct a clerical mistake or a mistake arising out of oversight or omission whenever one is found in a judgment." The Court grants this motion.

### III.  *Motion for Leave to File Briefing under Seal*

Similar to the last motion to seal, the parties dispute whether briefs quoting and discussing the arbitration award and the Court's order confirming the award should be sealed. The Court will grant this motion for the same reasoning as the other motion to seal.

### IV.  *Motion to Amend/Correct Order*

Defendant seeks to amend the Court's order confirming the arbitration award. In the order, the Court enjoined Defendant from "engaging in any destruction, deletion, purging, scrubbing or

other form of spoliation of any and all data on or accessible through Defendant's electronic devices and his third-party electronic accounts for storing information." (ECF No. 90 at 14:20–22.) This language was carried over from the preliminary injunction language. Defendant is correct that this language is no longer necessary given that the case is now closed. The Court will grant this request.

### V.     *Motion for Return of Security in Allowance of Preliminary Injunction*

Lastly, Plaintiffs request a return of their $100 security deposit (plus any and all interest) required by this Court's preliminary injunction. (ECF No. 56.) This motion is unopposed. The exoneration of the bond is proper as the preliminary injunction is no longer in force. Fed. R. Civ. P. 65(c).

### CONCLUSION

IT IS HEREBY ORDERED that Motion to Seal (ECF No. 92) is GRANTED.

IT IS FURTHER ORDERED that Motion to Amend (ECF No. 94) is GRANTED.

IT IS FURTHER ORDERED that Motion to Seal (ECF No. 95) is GRANTED.

IT IS FURTHER ORDERED that Motion to Amend (ECF No. 97) is GRANTED.

IT IS FURTHER ORDERED that Motion to Amend (ECF No. 102) is GRANTED.

IT IS FURTHER ORDERED that the word "preliminary" in Order (ECF No. 90) on page 14, line 11 shall be amended to read "permanently."

IT IS FURTHER ORDERED that Order (ECF No. 90) shall be amended to remove the following language from page 14, lines 20–22: "3. engaging in any destruction, deletion, purging, scrubbing or other form of spoliation of any and all data on or accessible through Defendant's electronic devices and his third-party electronic accounts for storing information"

///

///

///

IT IS FURTHER ORDERED that the $100 bond required by Order (ECF No. 58) is EXONERATED.

IT IS SO ORDERED.

Dated November 8, 2021.

_____
ROBERT C. JONES
United States District Judge